# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN A. ARELLANO, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>KELLERMEYER BUILDING SERVICE, LLC,<br><br>　　　　　　　　　Defendant. | Case No.  13-cv-0533-BAS(BGS)<br><br>**ORDER:**<br>**(1) GRANTING** *EX PARTE* **MOTION FOR ORDER CONTINUING HEARING DATE (ECF NO. 48);**<br>**(2) DENYING AS MOOT** *EX PARTE* **MOTION TO CONTINUE HEARING DATE (ECF NO. 41); AND**<br>**(3) DENYING** *EX PARTE* **MOTION TO FILE SUPPLEMENTAL BRIEF (ECF NO. 41)** |

　　　Pending before the Court is (1) an *ex parte* application filed jointly by Plaintiffs and Proposed Intervenor Venancia Portillo to continue the hearing on Plaintiffs' motion for preliminary approval of class action settlement and Ms. Portillo's motion to intervene (ECF No. 48); and (2) a separate *ex parte* motion filed by Ms. Portillo to continue the same hearing and for permission to file a supplemental brief in support of her motion to intervene (ECF No. 41).

　　　Having read and considered the moving papers, for the reasons set forth

below, the Court **GRANTS** the *ex parte* motion to continue the hearing on Plaintiffs' motion for preliminary approval of class action settlement and Ms. Portillo's motion to intervene (ECF No. 48), **DENIES AS MOOT** Ms. Portillo's *ex parte* motion to continue the same hearing (ECF No. 41), and **DENIES** Ms. Portillo's *ex parte* motion to file a supplemental brief in support of her motion to intervene (ECF No. 41).

I. **CONTINUANCE OF HEARING ON MS. PORTILLO'S MOTION TO INTERVENE & PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs and Ms. Portillo jointly filed an *ex parte* application to continue the hearing on Plaintiffs' motion for preliminary approval of class action settlement (ECF No. 22) and Ms. Portillo's motion to intervene (ECF No. 20). Plaintiffs and Ms. Portillo request a continuance of the hearing for sixty (60) days so that the parties can re-address the class action settlement in this matter in light of new developments in the parallel state matter pending in Alameda Superior Court (*Portillo, et al. v. Kellermeyer Building Service, LLC*, Case No. RG11558695 ("*Portillo*")). (ECF No. 48, Treglio Decl. at ¶¶ 6-12; ECF No. 48-1 at ¶ 3.) In *Portillo*, the class certification order was recently modified to include claims for locked-in meal periods and late meal periods, which significantly increases the potential damages in this action. (*Id.* at ¶¶ 6-9.) Plaintiffs' counsel represents that he "considered this particular certification difficulty to be an important factor in settlement negotiations" in this matter. (*Id.* at ¶ 6.) Therefore, "the Settlement, as currently structured, has become problematic." (*Id.* at ¶ 9.)

Plaintiffs' counsel further represents that he contacted counsel for Defendant and Ms. Portillo and that "both are amenable to not only continue this hearing, but to mediating the issues and possibly modifying the Settlement." (*Id.* at ¶ 11; *see also* ECF No. 48-1 at ¶ 3.) Defendant's counsel was unable to obtain his client's approval, but stated his client "might be willing to stipulate to a 30 or 45-day

continuance." (*Id.*) Accordingly, for good cause shown, the Court **GRANTS** the *ex parte* application (ECF No. 48) and continues the hearing on Plaintiffs' motion for preliminary approval of class action settlement (ECF No. 22) and Ms. Portillo's motion to intervene (ECF No. 20) to **September 15, 2014** at **10:30 a.m**. in **Courtroom 4B**.

In light of this continuance, the Court **DENIES AS MOOT** Ms. Portillo's earlier *ex parte* motion to continue the hearing (ECF No. 41).

## II.   PERMISSION TO FILE SUPPLEMENTAL BRIEF

Ms. Portillo also moves *ex parte* for permission to file a supplemental brief requesting a stay of this litigation pending resolution of the *Portillo* matter and disqualification of counsel for the parties in this matter for ethical violations. (ECF No. 41, p. 1, ¶¶ 2-3.) Plaintiffs oppose Ms. Portillo's *ex parte* request to file a supplemental brief because there are "no new facts or new law that give rise to [her] request for supplemental briefing." (ECF No. 44 at p. 2.) Rather, Ms. Portillo's motion is "part of a scheme to harass the Parties and to prevent timely resolution of Plaintiffs' claims." (*Id.*) Defendant opposes Ms. Portillo's *ex parte* request to file a supplemental brief because she lacks standing and "she failed to mention or comply with the requirements for ex parte relief by showing there is an 'emergency' necessitating such relief … and that 'immediate and irreparable injury' will result if the subject matter is heard as a regularly-noticed motion." (ECF No. 45 at p. 1.) Defendant maintains that Ms. Portillo's supplemental brief should be heard as a noticed motion. The Court agrees with Defendant.

"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Clark v. Time Warner Cable*, 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007) (citing *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D.Cal. 1995)). "Moreover, it must be established that the moving party is without fault in creating the crisis or that the crisis occurred as a

result of excusable neglect." *Id.* (citing *Mission Power*, 883 F.Supp. at 492).

Ms. Portillo filed her motion to intervene on January 28, 2014. (ECF No. 20.) The motion to intervene was fully briefed by February 20, 2014. Five months later, Ms. Portillo seeks to file a supplemental brief in support of her motion to intervene which requests a stay of this action and a disqualification of counsel. In her motion to intervene and accompanying reply, Ms. Portillo stated her intent, upon being permitted to intervene in this matter, to file a *noticed* motion to dismiss or stay this action and to file a *noticed* motion to disqualify Plaintiffs' counsel and preclude them from any further participation in this action (ECF No. 20-1 at pp. 3 and 9; ECF No. 29 at p. 3). However, the Court setting a hearing date on the motion for preliminary approval of class action settlement undoubtedly prompted her *ex parte* request to file a supplemental brief.

Since Ms. Portillo's *ex parte* request to file a supplemental brief was filed, however, Ms. Portillo has engaged in discussion with Plaintiffs and each has stated an intention to work with Defendant on evaluating "all issues in this and *Portillo* actions." (ECF No. 48-1 at ¶ 3; *see also* ECF No. 48, Treglio Decl. at ¶¶ 8 and 11.) The Court has also continued the hearing on the preliminary approval of class action settlement to September 15, 2014. Therefore, there is no pending potential for irreparable injury to Ms. Portillo. Given the foregoing, the Court **DENIES** Ms. Portillo's *ex parte* request to file a supplemental brief. If Ms. Portillo wishes to request a stay of this matter and disqualification of counsel, she must file a noticed motion and give the parties an opportunity to respond.

**IT IS SO ORDERED.**

**DATED: July 25, 2014**

Hon. Cynthia Bashant
United States District Judge