1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## SOUTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20

AGUSTIN A. ARELLANO AND ANDRES LARA, *individuals on behalf of themselves and all others similarly situated*,

                               Plaintiffs,

        v.

KELLERMEYER BUILDING SERVICES, LLC,

                               Defendant.

Case No.  13-cv-00533-BAS(BGS)

**ORDER GRANTING (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) MOTIONS FOR ATTORNEYS' FEES AND COSTS, ENHANCEMENT AWARDS, AND SETTLEMENT ADMINISTRATION (ECF NOS. 57, 59); AND**

**JUDGMENT**

21
22
23
24
25
26
27
28

Presently before the Court are motions for attorneys' fees and costs, representative enhancement awards, settlement administration costs, and final approval of the class action settlement entered into between plaintiffs Agustin Arellano, Andres Lara, and Venancia Portillo (collectively "Plaintiffs") and defendant Kellermeyer Building Services, LLC, currently known as Kellermeyer Bergensons Services, LLC ("Defendant") (collectively the "Parties"). Defendant does not oppose the motions and no member of the Settlement Class has filed an objection. The Court held a final approval hearing pursuant to Rule 23(e)(2) of the

Federal Rules of Civil Procedure on April 20, 2015.  For the reasons set forth below, the Court **GRANTS** Plaintiffs' motions.  (ECF Nos. 57, 59.)

## I.     BACKGROUND

On March 7, 2013, Plaintiff Arellano commenced this lawsuit against Defendant on behalf of himself and all other persons similarly situated, alleging Defendant violated numerous California state labor laws related to payment of wages, meal, and rest periods, and employee business expenses.  Plaintiff Arellano filed a First Amended Complaint on June 12, 2013.  (ECF No. 6.)  Thereafter, on July 24, 2013, Plaintiff Arellano and newly added named Plaintiff Lara filed the operative complaint, a Second Amended Complaint, alleging they, and other hourly janitors/housekeepers employed by Defendant in California, were: (1) not paid wages owed under California Labor Code sections 203, 204, 218, 218.5, and 218.6; (2) not paid overtime compensation, in violation of California Labor Code sections 510, 1194, and 1198; (3) not provided with meal and rest periods, in violation of California Labor Code sections 226.7 and 512; (4) not provided with itemized wage statements, in violation of California Labor Code section 226; (5) not paid waiting time penalties under Labor Code sections 201-203; (6) subject to Defendant's unfair business practices, in violation of Californi a Business and Professions Code section 17200; (7) not paid split shift premiums under California Labor Code section 204 and IWC Wage Order No. 2 section 4(A)(C); and (8) not reimbursed for incurred mileage expenses and for purchases of slip-resistant shoes, in violation of California Labor Code section 2802.  (ECF No. 9.)

On January 28, 2014, Plaintiff Portillo moved to intervene in this action as a plaintiff.  (ECF No. 20.)  The motion to intervene was granted by this Court on September 15, 2014.  (ECF No. 52.)

The Parties reached a class action settlement on the terms and conditions set forth in the Joint Stipulation Of Class Action Settlement And Release Agreement ("Settlement" or "Agreement"), dated November 1, 2014, a copy of which was

submitted to the Court for review on November 13, 2014 as Exhibit 1 to the Declaration of Justian Jusuf in support of Plaintiffs' motion for preliminary approval of the proposed class action settlement.  (ECF No. 54-2 at pp. 21-61.)[1]

The Settlement is intended to fully resolve all disputes in the following Actions: *Portillo v. Kellermeyer Building Services, LLC*, Alameda County Superior Court, Case No. RG11 558695, filed on August 10, 2010, as amended on September 19, 2011 ("*Portillo*"); *Kellermeyer Building Services, LLC v. Portillo*, Los Angeles County Superior Court, Case No. BC488397, filed on July 18, 2012 ("*KBS v. Portillo*"); and *Arellano v. Kellermeyer Building Services, LLC*, United States District Court for the Southern District of California, Case No. 13-cv-00533-BAS-BGS, filed on March 7, 2013, as amended on July 24, 2013 ("*Arellano*").

On November 21, 2014, Plaintiffs timely notified the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.  (ECF No. 55.)  On December 5, 2014, the Court granted preliminary approval of the Settlement, and certified a class for settlement purposes.  (ECF No. 56 ("Preliminary Approval Order").)  On January 5, 2015, Plaintiffs Arellano and Lara filed a motion for attorneys' fees, costs, and representative enhancements.  (ECF No. 57.)  On March 12, 2015, Plaintiff Portillo filed a motion for final approval of the Settlement, enhancement awards, settlement administration cost, and attorney fees and costs to Class Counsel.  (ECF No. 59.)  On March 16, 2015, Plaintiffs Arellano and Lara filed a memorandum of points and authorities in support of Plaintiff Portillo's motion for final approval of the Settlement.  (ECF No. 60.)

The Court held a final approval hearing pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure on April 20, 2015.  Defendant did not file an opposition and represented during the hearing that Defendant does not oppose the motions.  No class member has filed an objection.  (*See* ECF No. 56 at p. 21, ¶ 11.)

_____

[1]    All capitalized terms herein shall have the same meaning as set forth in the Agreement, unless indicated otherwise.

## II.   ORDER & JUDGMENT

Having reviewed the Agreement, Plaintiffs' motions and supporting declarations, and having considered the arguments of counsel, the Court hereby **GRANTS** Plaintiffs' motions (ECF Nos. 57, 59), and makes the following findings and rulings:

**IT IS HEREBY ORDERED:**

1.     The Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

2.     The Court hereby certifies a "Class" or "Settlement Class" defined as follows: "All persons employed by Kellermeyer Bergensons Services, LLC (formerly known as Kellermeyer Building Services, LLC) as janitors/housekeepers in the State of California at any time from August 10, 2006 to October 27, 2014 who did not opt out of the Settlement." The Settlement Class encompasses the *Portillo* Class, certified by the Alameda County Superior Court on March 26, 2013, including those individuals who previously opted out of the *Portillo* Class. The Settlement Class does not include Mario Gomez and Maria Madrigal Sanchez, as they have opted out of the Settlement Class, and therefore are not bound by the terms, including the releases, under the Settlement.

3.     The Court hereby appoints Plaintiffs Venancia Portillo, Agustin Arellano, and Andres Lara as Class Representatives.

4.     The Court hereby appoints Counsel for Portillo and Counsel for Arellano as Class Counsel.

5.     The Court hereby grants final approval of the terms and conditions contained in the Agreement. The Court finds that the terms of the Settlement are fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable case law.

6.     The Court finds that the Settlement was the product of serious, informed, non-collusive negotiations conducted at arms' length by the parties. In

making this finding, the Court considered the nature of the claims and the risks inherent in such claims, the monetary benefit available to the Settlement Class Members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.  The Court further finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to Plaintiffs, or any member of the Settlement Class.  Accordingly, the Court finds that the Settlement was entered into in good faith.

7.     The Court finds that the Notice of Class Action Settlement, as modified pursuant to the Court's December 5, 2014 preliminary approval order, and the Claim Form, along with the notification procedure, constitutes the best notice practicable under the circumstances and is in full compliance with federal and California law and, to the extent applicable, the United States Constitution and the requirements of due process.  The Court further finds that distribution of the Notice in the manner set forth in the Agreement meets the requirements of Rule 23(e) of the Federal Rule of Civil Procedure, the United States Constitution, and the requirements of due process. In addition, the Court finds that the Notice fully and accurately informs Settlement Class Members of all material elements of the proposed settlement, of their right to be excluded from the Class and from the settlement, and of their right and opportunity to object to the settlement.  Further, the Court finds that the Notice, as modified pursuant to the Court's December 5, 2014 preliminary approval order, was disseminated to the Settlement Class members in the manner provided in the Settlement.

8.     The Court finds that on November 21, 2014, Defendant complied with the notification of class action settlement requirement under CAFA, as set forth in 28 U.S.C. § 1715.

9.     The Court hereby orders that the parties effectuate the terms of the Settlement.

10.    The Court hereby approves CPT Group, Inc. to serve as the Settlement Administrator.

11.    The Court hereby approves the requested Enhancement Awards, to be paid out of the Gross Settlement Value, in the amounts of $10,000.00 (ten thousand dollars) for Venancia Portillo, $2,500.00 (two thousand five hundred dollars) for Agustin Arellano, and $5,000.00 (five thousand dollars) for Andres Lara.

12.    The Court hereby approves the requested reasonable attorney fees, to be paid out of the Gross Settlement Value, for Class Counsel in the amount of $675,000.00 (six hundred seventy-five thousand dollars), which represents 25% (twenty-five percent) of the Gross Settlement Value, and, based on the agreement between Counsel for Portillo and Counsel for Arellano, 58% (fifty-eight percent) of the attorney fee award shall be paid to Counsel for Portillo, and 42% (forty-two percent) shall be paid to Counsel for Arellano.

13.    The Court hereby approves the requested reimbursement of costs incurred by Class Counsel, to be paid out of the Gross Settlement Value, in the amounts of $135,000.00 (one hundred thirty-five thousand dollars) to Counsel for Portillo, and $10,984.14 (ten thousand nine hundred eighty-four dollars and fourteen cents) to Counsel for Arellano.

14.    The Court hereby approves the Settlement Administrator's fee and costs in the amount of $55,000.00 (fifty-five thousand dollars), to be paid out of the Gross Settlement Value.

15.    The Court hereby enters final judgment in this action in accordance with the terms and conditions of the Agreement, the December 5, 2014 Order Granting Preliminary Approval of Class Action Settlement, and this Order Granting Final Approval of Class Action Settlement.

16.    Without affecting the finality of this order and judgment, this Court shall retain exclusive and continuing jurisdiction over this action and the Parties for purposes of supervising, administering, implementing, enforcing, and interpreting

13cv533

1     the Agreement, and the claims process established therein.

2         **IT IS SO ORDERED.**

3

4     **DATED:  April 22, 2015**

5                                 **Hon. Cynthia Bashant**

6                                 **United States District Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv533